UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x Index No
NNAMDI T. ANANABA

                                      **FIRST AMENDED COMPLAINT**

                  Plaintiff,

                                      **DEMAND FOR JURY TRIAL**

    -against-

THE CITY OF NEW YORK
and P.O. NIEVES, P.O. ZAYTSEV LEYEZGENIY,
P.O. OFFICER DERRICK COLEMAN, MICHAEL KOLEDIN FDNY and
SERGEANT ANTHONY PICCOLO of the 113th Precinct

                                Defendants.
---------------------------------------------------------------x

Nnamdi T. Ananaba by his attorney, Chinyere Onwuchekwa Esq., complaining of The City of New York, Police officers NIEVES, P.O. ZAYTSEV LEYEZGENIY, DERRICK COLEMAN, MICHAEL KOLEDIN FDNY and SERGEANT ANTHONY PICCOLO of the 113th Precinct upon information and belief, alleges as follows:

## JURISDICTION

1. This is an action at law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, by Defendants of the rights, privileges and immunities secured to Plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983 [and §1985], and arising under the laws and statutes of the State of New York and the City of New York.

2. Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal law, and by 28 U.S.C. § 1343(a) (3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges and immunities secured to Plaintiff by the Fourth, Fifth and Fourteenth

Amendments to the Constitution, and by 42 U.S.C. §1983.

3. Venue is proper because the acts complained of herein occurred in Queens, Queens County, City and State of New York, which is in the Eastern District of New York.

## PARTIES

4. During all times relevant and material to this Complaint, Plaintiff was, and still is, a legal resident of the United State, residing in Springfield Gardens, New York and State of New York.

5. During all times relevant and material to this case, Defendant City of New York was a municipal corporation incorporated under the laws of the State of New York.

6. During all times relevant and material to this case, Defendant Police Officers were employees of Defendant City of New York through its Police Department.

7. During all times relevant and material to this case, the actions of the individual Police Officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of Defendants City of New York and New York Police Department (hereinafter NYPD), and Defendants City of New York and NYPD are as such responsible for the individual Defendants' actions. Defendant City of New York and NYPD are further responsible for the actions of the individual Defendants under the principal agent/respondeat superior rule.

## FULFILMENT OF ADMINISTRATIVE PREREQUISITES

8. All conditions precedent for the filing of this action has been complied with: written Notice of Claim, sworn to by Plaintiff, was served upon Defendant City of New York to the person designated by law as one to whom a summons against Defendant City of New York may be delivered in an action in the District Court.

9. At least thirty days have elapsed since the service of the Notice of Claim, and adjustment or payment of the claim has been neglected or refused.

### FACTS COMMON TO ALL CAUSES OF ACTION

10. The incident that gave rise to this complaint transpired on or about January 28, 2013, at approximately 5:00 P.M., at 157th road by Foch Avenue, Queens County in the State of New York.

11. On the evening of January 28, 2013, at approximately 5:00 p.m., Plaintiff was pulled over by two police officers without probable cause. When he questioned why he was pulled over, P.O. Nieves asked him "Are you a tough guy"? The plaintiff was then asked to produce his license and registration which he obliged.

12. The police officers told the plaintiff 20 minutes later that his license was suspended, whereupon plaintiff another police vehicle with about four other police officers approached him. Officer Nieves opened plaintiff's car door and another officer from the second vehicle, officer Zaytev Leyezgeniy came to the door, punched him on the face and then pulled him out of the vehicle.

13. All the police officers began to hit plaintiff. Plaintiff was punched and kicked on the head with police boots, batons, kneed on the side and was continually punched. Plaintiff was bleeding profusely on the floor. Officer Nieves told another police offer to move the police vehicle close by to "block it off". The

police officers continued to beat plaintiff for another six minutes.

14. Plaintiff was later hand-cuffed and thrown in into the police vehicle with officers huddled up and taken to the 113 precinct.

15. Plaintiff was processed, finger printed and booked. Plaintiff was in great pain and the police officers at the precinct called EMS who treated him with swags and alcohol. The bruises were so much that they asked him if he fell.

16. Plaintiff was later taken to Central booking and released on ROR about 3pm on January 29, 2013.  Plaintiff was subsequently treated at Long Island Jewish Medical Center and was informed that he sustained broken nose, fractured jaw, four bumps on his head and cut nose. He is currently receiving treatment for medical and psychological damages with Glenwood Medical.

17 In light of the above, plaintiff has been damaged by the actions of the City of New York and its agents, was subjected to excessive force and was held without probable cause for over 9 hours.

18. As a result of the actions of the defendants, Plaintiff was and still is damaged for no just cause.  Plaintiff suffered and has continued to suffer great physical, emotional and mental distress as a result of the actions that gave rise to this lawsuit

## AND AS FOR A FIRST CAUSE OF ACTION

19. Plaintiff repeats and re-alleges paragraphs 1 through 18 as if each paragraph is repeated verbatim herein.

20. Defendant Officers brutally and savagely attacked Plaintiff, causing him serious injuries, and the assault was carried out maliciously and sadistically for the very purpose of causing harm and not in good faith to maintain or restore order, in violation of Plaintiff's 4th, 5th, 8th, and 14th Amendment rights to be free from unreasonable, and unnecessary and wanton use of force.

21. As a result of the said use of excessive force, Plaintiff claims compensatory damages in the amount of $6,000,000. In addition, because the Defendants acted with malice and intentional disregard for his Constitutional rights, Plaintiff is also seeking $600,000 in punitive damages for the excessive use of force on him

## AND AS FOR A SECOND CAUSE OF ACTION

22. Plaintiff repeats and re-alleges paragraphs 1 through 21 as if each paragraph is repeated verbatim herein.

23. Defendant Officer assaulted and battered Plaintiff without justification, causing him serious injuries, and the assault and battery was carried out maliciously and sadistically for the very purpose of causing harm and not in good faith to maintain or restore order, in violation of Plaintiff's rights under New York State law.

24. As a result of the said Assault and Battery, Plaintiff claims compensatory damages in the amount of $6,000,000.  In addition, because the Defendants acted with malice and intentional disregard for his Constitutional rights, Plaintiff is also seeking $600,000 in punitive damages for the excessive force

## AND AS FOR A THIRD CAUSE OF ACTION

25. Plaintiff repeats and re-alleges paragraphs 1 through 24 as if each paragraph is repeated verbatim herein.

26. The defendant police officers were acting as agents of the City of New York when they committed the acts complained of herein, therefore, under the principal agent/*respondeat superior* rule, the City of New York is jointly and severally liable with the defendant police officers for the compensatory damages Plaintiff sustained in the First and Second Causes of Action

27. Plaintiff claims compensatory damages in the amount of $6,000,000 for the violation of these rights, which resulted in physical and emotional injuries. In addition, because the Defendants acted with malice and intentional disregard for his Constitutional rights, Plaintiff seeks $600,000 in punitive damages.

**WHEREFORE,** Plaintiff prays the Court for judgment as follows for each Cause of Action:

i. $6,000,000 in compensatory damages against all the defendants, jointly and severally;

ii. $600,000 in punitive damages against the individual defendant police officers, jointly and severally;

iii. Attorney's fees, plus the costs and disbursements of these actions against all Defendants, jointly and severally;

     iv.     Such other relief as the Court may deem just, proper and equitable.

Dated: Brooklyn, New York
       July 27, 2014

                                                  By:     _____/s/_____
                                                           CHINYERE ONWUCHEKWA (C0-1939
                                                           Attorney for Plaintiff
                                                           255 Livingston Street, 3rd Floor
                                                          Brooklyn, NY 11217
                                                          (718) 643-8800